CALVIN E. BODE AND FLORAMYE C. BODE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bode v. Commissioner
Docket No. 17330-79.
United States Tax Court
T.C. Memo 1981-300; 1981 Tax Ct. Memo LEXIS 441; 42 T.C.M. (CCH) 103; T.C.M. (RIA) 81300; June 18, 1981. Calvin E. Bode and Floramye C. Bode, pro se. Paul Voelker, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Daniel J. Dinan pursuant to the provisions of section 7463(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with an adopts his opinion which is set forth below. *442 OPINION OF THE SPECIAL TRIAL JUDGE DINAN, Special Trial Judge: Respondent determined a deficiency in petitioners' Federal income tax for 1977 in the amount of $ 370.72. The sole issue for decision is whether in computing "averagable income" within the meaning of sections 1301 through 1305 base period income may not be less than $ 3,200, as contended by the respondent or not less than zero as contended by the petitioners. FINDINGS OF FACT This case was submitted fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure. The stipulations of fact and exhibits attached thereto are incorporated herein by this reference. Petitioners resided at 301 Debra Lane, Waterloo, Illinois, when they filed their petition in this case. On their 1977 joint Federal income tax return, petitioners computed their tax liability on he basis of the income averaging provisions contained in sections 1301 through 1305, attaching Schedule G of Form 1040 to their return. The computations on Schedule G were as follows: 1976
1975
1974
1973
Taxable income
($ 1,785.55)
$ 1,020.40
($ 6,894.70)
$ 608.84
Zero bracket
3,200.00 3,200.00
3,200.00 3,200.00
amount
Base poeriod
income
$ 1,414.45 $ 4,220.40
$ 0.00 $ 3,808.84
*443 The respondent agrees that petitioners' computations of base period income for the years 1973 and 1975 are correct. Respondent determined, however, that the base period income for 1974 and 1976 was $ 3,200 for each of those years. OPINION Respondent has recomputed petitioners' base period income for the years 1974 and 1976 by omitting from the computation for those years the negative figures entered on Schedule G by the petitioners and substituting in lieu thereof a zero figure. He then added to the zero figure for each of the years 1974 and 1976, and appropriate zero bracket amount of $ 3,200. Section 1301 provides: SEC. 1301. LIMITATION OF TAX. If an eligible individual has averagable income for the computation year, and if the amount of such income exceeds $ 3,000, then the tax imposed by section 1 for the computation year which is attributable to averagable income shall be 5 times the increase in tax undedr such section which would result from adding 20 percent of such income to 120 per cent of average base period income. Section 1302(b)(2) provides that the base period income for any taxable year is the taxable income for such year first increased and then *444 decreased in accordance with provisions set out in that section, which are not material to the issue herein. Section 1.1302-2(b)(1), Income Tax Regs., (adopted June 1, 1966), provides, in pertinent part, that "Base period income for any taxable year may never be less than zero." In Tebon v. Commissioner, 55 T.C. 410 (1970), we upheld the validity of the Commissioner's regulation. The Tax Reduction and Simplification Act of 1977, Pub. L. 95-30, 91 Stat. 127, May 23, 1977, effective for taxable years beginning after 1976, substituted zero bracket amounts for the standard deduction. The zero bracket amounts (flat standard deductions) were incorporated into the tax tables and the tax schedules beginning in 1977, as income tax brackets upon which no taxes are due. Pub. L. 95-30, Title I, sec. 102(b)(15), March 23, 1977, 91 Stat. 138. Section 102(b)(15) of Pub. L. 95-30 amended section 1302(b) by adding new paragraph 1302(b)(3) which provides, in part: (3) Transitional Rule for Determining Base Period Income.--The base period -income (determined under paragraph (2)) for any taxable year beginning before January 1, 1977, shall be increased by the amount of the *445 taxpayer's zero bracket amount for the computation year. In its report on Pub. L. 95-30, the Senate Finance Committee noted that the bill's change in the definition of taxable income required adjustments in the income averaging provisions of the Code. The simplest method for making the required adjustment would be to increase pre-1977 base period taxable income, that is, for the taxable years 1973, 1974, 1975 and 1976, by the applicable zero bracket amount. Senate Report 95-66, page 58 (1977-1 C.B. 484). The transitional rule, embodied in section 1302(b)(3), therefore, would adjust the base period income in the base years prior to 1977 to account for the introduction into the tax tables and tax rate schedules, in 1977, of the zero bracket amounts. The language of section 1302(b)(3) is clear and unambiguous. The base period income is first to be determined under section 1302(b)(2). Section 1.1302-2(b)(1), Income Tax Regs. (the validity of which we upheld in Tebon, supra), provides that the amount so determined may never be less than zero in any taxable year. To the amount so determined, there is then to be added the appropriate zero *446 base amount. In computing their base period income for the taxable years 1974 and 1976, petitioners failed to adjust their negative taxable income figures of ($ 6,894.70) and ($ 1,785.55) to zero to compute their base period income in accordance with section 1302(b)(2), before adding the zero base amount as required by section 1302(b)(3). Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for 1977, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule re not applicable to this case.