JOHN R. IVIMEY AND KATHERINE G. IVIMEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ivimey v. Commissioner
Docket No. 14580-82.
United States Tax Court
T.C. Memo 1984-417; 1984 Tax Ct. Memo LEXIS 262; 48 T.C.M. (CCH) 785; T.C.M. (RIA) 84417; August 6, 1984
John R. Ivimey, pro se. Richard G. Convicer, for the respondent. TANSILL
MEMORANDUM FINDINGS OF FACT AND OPINION TANSILL, Special Trial Judge: This was assigned to and heard by Special Trial Judge Fred R. Tansill, pursuant to the provisions of section 7456(c) of the Internal Revenue Code, [1]Rules 180 and 181, Tax Court Rules of Practice and Procedure, [2] and General Order No. 8, T.C. XXIII (1983). Respondent determined a deficiency in the amount of $1,484.11 in petitioners' Federal income tax for the year 1978. The issues presented for our consideration are as follows: (1) whether, in the process *263 of averaging their income for the 4 years preceding 1978, petitioners may properly use zero income for each year rather than the amounts set forth in section 1302(b)(3) for the zero bracket amounts in each year; and (2) what is the correct amount which petitioners should use in the computation for the year 1977? Petitioners are husband and wife residing in Bethlehem, Connecticut at the time of filing the joint petition in this case. Originally, this case started as a small tax case but at trial, in response to a petitioner's oral motion, it was changed to a regular case. Petitioners filed a joint Federal income tax return for the taxable year 1978 employing the cash basis of accounting. Attached to the joint 1978 tax return was a Schedule G wherein petitioners sought to average their taxable income for 1978. On the Schedule G attached to the joint return, the 4 years preceding 1978 were treated as the base period and for those years the respective taxable incomes shown were as follows: Year
Amount
1977
0
1976
0
1975
0
1974
0
Employing the income averaging method as provided by Schedule G attached to their joint return, petitioners computed their *264 income tax liability for the year 1978 to be zero. After audit, respondent issued a statutory notice of deficiency on March 25, 1982 which contained what respondent regarded as a corrected Schedule G computation for income averaging purposes. That recomputation reflected the following amounts for base period income: Year
Amount
1977
$1,034
1976
$3,200
1975
$3,200
1974
$3,200
The result of respondent's computation of the 1978 income tax liability employing income averaging resulted in a determined deficiency of $1,484.11, disregarding another assessment and adjustment not involved in this case. At trial petitioners claimed to have filed an amended return for 1977 which reflected a loss for that year. Respondent stated that they have no record that such an amended return had been filed and received by respondent's office. Petitioners were unable to produce and offer a copy of the alleged amended return for 1977. The controversy grows out of a dispute as to the appropriate dollar amounts to be employed in performing an income averaging computation relating to the 4 years preceding 1978. Petitioners contend that a zero dollar amount should be employed *265 for each of the 4 years involved whereas respondent contends that the zero bracket amount must be employed in each of years 1974, 1975 and 1976--the amount of $3,200--and that for the year 1977 petitioners' taxable income of $1,034 should be employed. The Code provision here involved is section 1302(b)(3). That provision provides a transitional rule for determining base period income for taxable years beginning before January 1, 1977, which requries that the base period income, as defined in section 1302(b)(2), shall be increased by the amount of the taxpayer's zero bracket amount for the computational year. Petitioners have refused to make this adjustment which applies to 3 of the 4 years. Section 1302(b)(2) defines the base period income as the taxable income for such year with certain plus and minus adjustments not relevant in this case. Petitioners urge that the legislative history suggests that the requirement of adding the zero bracket amount to taxable income was to prevent taxpayers from artificially trying for income averaging by comparing taxable income reduced by a standard deduction (discontinued by Congress in 1977) with taxable income unreduced by a standard deduction. *266 Effectively, petitioners appear to argue that because they had no income in pre-1977 base years they did not benefit from the standard deductions and, hence, should not be required to be disadvantaged by adding back the zero bracket amount. This, of course, is contrary to the specific requirements of section 1302(b)(3). In passing, we observe that the petitioners refused to stipulate information although urged by the Court to do so and they confront the problem that there is no hard evidence that no income was earned by petitioners in the 3 pre-1977 base period years. The burden of proof of this fact rests upon petitioner who alleges it. At the bottom line of petitioners' argument is the fundamental assertion that the basic purpose of income averaging is to put the taxpayers in the same situation as if they had received income ratably over the base years. This will be frustrated, petitioners say, if they have to add the zero bracket amounts to income in years in which they received no benefits from the standard deduction; in other words, the zero bracket amounts should be used only where petitioners have already benefited from the standard deduction. We do not view these considerations *267 of the standard deduction as being dispositive of the controversy here presented. We note that section 1.1302-2(b)(1), Income Tax Regs., provides in part that base period income for any taxable year "may never be less than zero." The contentions and the issue raised here are not new in this Court. In Tebon v. Commissioner,55 T.C. 410 (1970), the regulation just referred to was held to be valid. Petitioners' refusal to add the zero bracket amount was specifically considered and rejected in Monson v. Commissioner,77 T.C. 91 (1981). See also, Hay v. Commissioner,T.C. Memo. 1982-343, and Gutnick v. Commissioner,T.C. Memo. 1981-628. For the reasons given and the authorities cited we sustain respondent on the first issue. Respondent's determination is presumptively correct with respect to 1977 and petitioners have the burden of showing any different amount involved by a preponderance of the evidence. Petitioners have failed to do so. Therefore, the figure for taxable income of $1,034 in 1977, as used by respondent, is deemed correct. We note in passing that even if petitioners had been successful in showing *268 that they had filed an amended return for 1977 reflecting a loss, as provided, under the authorities already cited the use of a loss would have to be rejected as being "less than zero." For all the reasons stated above, we sustain respondent. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. All rule references are to the Tax Court Rules of Practice and Procedure.↩