**John B. RASSA**

v.

**The UNITED STATES of America the INTERNAL REVENUE SERVICE.**

**Civ. A. No. M–84–3700.**

United States District Court,
D. Maryland.

Feb. 26, 1986.

John B. Rassa, pro se.

J. Frederick Motz, U.S. Atty. for the Dist. of Md., and John G. Douglass, Asst. U.S. Atty., Baltimore, Md., Robert K. Coulter, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

JAMES R. MILLER, Jr., District Judge.

Plaintiff, John B. Rassa, filed this action *pro se*, seeking review of orders of defendant, the Internal Revenue Service (IRS) (Paper No. 1). Defendant has filed a Motion to Dismiss or for Summary Judgment (Paper No. 15), to which plaintiff has filed a Response (Paper No. 17). No hearing is necessary to decide the motion. Local Rule 6(G).

Plaintiff's petition seeks review of the orders of the IRS "with regard to use of Income Averaging," "whether [plaintiff] was in business in constructing," and "theft loss claimed." (Paper No. 1 at 1–2). Plaintiff appears to allege three grounds on which he believes the IRS erred with regard to his federal income tax return for the tax year 1980: (1) that it was improper for the IRS, in computing plaintiff's taxable income for 1980 under the income averaging rules set forth at 26 U.S.C. § 1301 *et seq.*, to increase plaintiff's taxable income for the year 1976 by the zero bracket amount; (2) that plaintiff was in the building and construction business because he had made improvements to his personal residence, and that, therefore, a court-ordered sale of plaintiff's personal residence, pursuant to plaintiff's divorce, resulted in a Schedule C business loss, deductible under 26 U.S.C. § 165(a); and (3) that the same court-ordered sale resulted in a theft loss, deductible under 26 U.S.C. §§ 165(a) and (c)(3).

First, plaintiff's argument concerning the application of the income averaging rules is without merit. The redefinition of taxable income effected by the Tax Reduction and Simplification Act of 1977, Pub.L.

No. 95–30, 91 Stat. 127 (1977), which substituted zero bracket amounts for standard deductions, also resulted in the creation of the transitional rule located at 26 U.S.C. § 1302(b). *See, e.g., Bode v. Commissioner*, 42 T.C.M. 103 (1981); *Carr v. Commissioner*, 42 T.C.M. 77 (1981). Accordingly, where an individual used income averaging for base period years which straddled 1977, the first taxable year in which this Act was effective, under § 1302(b)(3) of this rule the taxpayer was required to adjust the base period income for the base years prior to 1977 by increasing his taxable income for such years by the applicable zero bracket amount for the computation year. The procedure mandated by this section has been upheld by the United States Tax Court in a number of cases. *See, e.g., Ivimey v. Commissioner*, 48 T.C.M. 785 (1984); *Bode v. Commissioner*, 42 T.C.M. 103; *Carr v. Commissioner*, 42 T.C.M. 77 (1981).

When plaintiff completed his Schedule G, the form used for income averaging, he failed to add the zero bracket amount to his taxable income for 1976, claiming instead that his taxable income for 1976 was $0. In 1980, the computation year, plaintiff was not married. Therefore, under § 1302(b)(3)(B), his base period income for the year 1976 was required to be increased from $0 to $2,200. Thus, the IRS was proper in correcting this error.

■ Second, plaintiff contends that since he personally made improvements to his personal residence, the subsequent court-ordered and divorce-related sale of the property, resulted in a business loss deductible under § 165(a). In § 165(c), the code limits those losses which an individual may deduct to losses incurred in a trade or business, losses incurred in a transaction entered into for profit, or losses arising from casualty or theft. In the present case, § 1.165–9(a) of the Income Tax Regulations is directly on point, wherein it states that: "A loss sustained on the sale of residential property purchased or constructed by the taxpayer for use as his personal residence and so used by him up to the time of the sale is not deductible under

§ 165(a)." 26 C.F.R. § 1.165–9(a). This regulation has been applied by the Tax Court to deny deductions of loss from the sale of residential property used as the taxpayer's personal residence. *See, e.g., Bugnolo v. Commissioner*, 30 T.C.M. 611 (1971). *See also Starker v. United States*, 602 F.2d 1341, 1350–51 (9th Cir.1979) (citing § 1.165–9(a) and stating: "It has long been the rule that use of property solely as a personal residence is antithetical to its being held for investment. Losses on the sale or exchange of such property cannot be deducted for this reason.").

Although plaintiff asserts that the "improvements to the land and the construction of the structure thereon was in fact a second job entered into for profit due to insufficient income to do otherwise," (Paper No. 17 at 8), plaintiff does not deny that he was using the property as his personal residence. Thus, plaintiff's argument is without merit, and no deduction for the claimed loss is permitted.

■ Third, plaintiff asserts that the court-ordered sale of his residence also resulted in a theft loss to him in the amount of $51,457.80 (Paper No. 15, Attachments, plaintiff's 1980 Form 1040 and Form 4684). Apparently, plaintiff asserts that the theft was committed by the Circuit Court of Baltimore County, which ordered the sale. *See* Paper No. 15, Attachments, statement following plaintiff's 1980 Form 4684; Paper No. 17 at 10 ("Plaintiff asserts that the illegal act of the alleged Maryland court of his Real Property (or his Personal Property) resulted in a theft loss of $51,457.") Subsections 165(a) and 165(c)(3) provide for the deduction by a taxpayer of any loss arising from theft. In order to be entitled to a deduction on this basis, there must be a taking of property which is illegal under the criminal law of the state where the loss occurred. *See, e.g., Bagur v. CIR*, 603 F.2d 491, 501 (5th Cir.1979). In the present case, there is no question that the state court's actions in ordering plaintiff's house sold in connection with plaintiff's divorce does not constitute a "theft" under Mary-

land law. Therefore, this argument is without merit.

Accordingly, it is this 26th day of February, 1986, by the United States District Court for the District of Maryland, ORDERED:

1. That defendant's Motion to Dismiss or for Summary Judgment be, and the same is hereby, GRANTED.

2. That judgment be, and the same is hereby, ENTERED in favor of defendant.